IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVESTER COLEMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02760-K-BT |
| | § | |
| | § | |
| PETRO HUNT, LLC, *et al.*, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alvester Coleman filed this *pro se* civil action which the District Court referred to the undersigned Unites States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The Court granted Coleman leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. For the following reasons, the District Court should dismiss the Complaint.

I.

Coleman filed this Complaint against Defendants Petro Hunt, LLC, Rusk County Electric, XTO Energy, B.P. America, CCI Up Stream, Verado Energy, and Energy Future Holdings. His claims involve mineral royalty payments paid under a trust from a property located in Rusk County, Texas.  He alleges Defendants have not complied with the Texas Natural Resources Code because they failed to provide him with lease information and division orders for production of minerals on the property, and that Defendants have failed to determine the heirship rights to the

1

royalty payments. He also claims Defendants have illegally disguised his ownership of these minerals and have bribed banks into denying him access to his accounts. He further states Defendants Petro Hunt, LLC and Rusk County Electric have failed to comply with discovery rules in his pending Dallas County case, No. DC-18-13807.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[,]" *id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty; or (2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331, 1332. Here, Coleman has cited no basis for federal question jurisdiction. Rather, his Complaint asserts violations of the Texas Natural Resources Code. He has also failed to allege diversity jurisdiction. He states he is a Texas resident, and he has sued Rusk County Electric, which the Court understands to be a corporation with its principle place of business in Henderson County, Texas. Therefore, each plaintiff's citizenship is not diverse from each defendant's citizenship as required by 28

3

U.S.C. § 1332(a). Because Coleman has failed to allege a federal question or complete diversity, the Court lacks jurisdiction over his claims.

IV.

For the foregoing reasons, the District Court should dismiss Coleman's claims without prejudice for lack of subject-matter jurisdiction.

Signed January 21, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).